IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN MITCHELL, | : |
| | : |
| Plaintiff, | : |
| | : CIVIL ACTION NO. 02-4442 |
| v. | : |
| | : |
| EXPERIAN INFORMATION SOLUTIONS, INC.; CBA INFORMATION SERVICES; BP/CITIBANK SD; CAPITAL ONE BANK; CROSS COUNTRY BANK; DELL FINANCIAL SERVICES; ORCHARD BANK; PROVIDIAN FINANCIAL, | : : : : : : : |
| | : |
| Defendants. | : |

**DELL FINANCIAL SERVICES L.P'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Dell Financial Services, L.P. (hereafter "DFS"), by its undersigned attorneys, for its answer to plaintiff's complaint, says:

**PRELIMINARY STATEMENT**

1. DFS admits that plaintiff purports to assert the claims set forth in paragraph 1 of plaintiff's complaint but denies that plaintiff is entitled to relief under any of those claims and specifically denies that DFS acted wrongfully or harmed plaintiff in any manner.

PHL_A #1663400 v1

## JURISDICTION AND VENUE

2-3. The averments contained in paragraphs 2 and 3 of plaintiff's complaint set forth a legal conclusion and, therefore, DFS denies the averments as stated. To the extent paragraphs 2 and 3 set forth factual averments, DFS does not contest the jurisdiction of this Court or the venue of this action.

## PARTIES

4-9. The averments contained in paragraphs 4 through 9 of plaintiff's complaint set forth legal conclusions and, therefore, DFS denies the averments as stated. To the extent paragraphs 4 through 9 set forth factual averments, DFS lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, denies the averments.

10. The averments contained in paragraph 10 of plaintiff's complaint set forth a legal conclusion and, therefore, DFS denies the averments as stated. To the extent paragraph 9 sets forth factual averments, DFS admits that it is a Delaware limited partnership and has offices in Austin, Texas, but denies the remaining factual averments.

11-12. The averments contained in paragraphs 11 and 12 of plaintiff's complaint set forth legal conclusions and, therefore, DFS denies the averments as stated. To the extent paragraphs 11 and 12 set forth factual averments, DFS lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, denies the averments.

## FACTUAL ALLEGATIONS

13-15. The averments contained in paragraphs 13 through 15 of plaintiff's complaint set forth legal conclusions and, therefore, DFS denies the averments as stated. To the extent paragraphs 13 through 15 set forth factual averments, DFS denies the averments.

16-21.  DFS lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraphs 16 through 21 of plaintiff's complaint and, therefore, denies those averments.

22-24.  The averments contained in paragraphs 22 through 24 of plaintiff's complaint set forth legal conclusions and, therefore, DFS denies the averments as stated.  To the extent paragraphs 22 through 24 set forth factual averments, DFS denies the averments.

25.  DFS lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 25 of plaintiff's complaint and, therefore, denies those averments.

26.  The averments contained in paragraph 26 of plaintiff's complaint set forth a legal conclusion and, therefore, DFS denies the averments as stated.  To the extent paragraph 26 sets forth factual averments, DFS lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, denies those averments.

27-30.  The averments contained in paragraphs 27 through 30 of plaintiff's complaint set forth legal conclusions and, therefore, DFS denies the averments as stated.  To the extent paragraphs 27 through 30 set forth factual averments, DFS denies the averments.

31.  The averments contained in paragraph 31 of plaintiff's complaint set forth a legal conclusion and, therefore, DFS denies the averments as stated.  To the extent paragraph 31 sets forth factual averments, DFS lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, denies those averments.

32-33.  The averments contained in paragraphs 32 and 33 of plaintiff's complaint set forth legal conclusions and, therefore, DFS denies the averments as stated.  To the extent paragraphs 32 and 33 set forth factual averments, DFS denies the averments.

## CLAIMS

### COUNT ONE - FCRA
### (Plaintiff v. Experian and CBA)

34. DFS incorporates by reference its previous responses as though fully set forth herein.

35-39. The averments contained in paragraphs 35 through 39 of plaintiff's complaint set forth legal conclusions and, therefore, DFS denies the averments as stated. To the extent paragraphs 35 through 39 set forth factual averments, DFS lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, denies the averments.

### COUNT TWO - FCRA
### (Plaintiff v. Citibank, Capital One, Cross Country, DFS, Orchard and Providian)

40. DFS incorporates by reference its previous responses as though fully set forth herein.

41. The averments contained in paragraph 41 of plaintiff's complaint set forth a legal conclusion and, therefore, DFS denies the averments as stated.

42-43. The averments contained in paragraphs 42 and 43 of plaintiff's complaint set forth legal conclusions and, therefore, DFS denies the averments as stated. To the extent paragraphs 42 and 43 set forth factual averments, DFS denies the averments.

### COUNT THREE - DEFAMATION
### (Plaintiff v. Experian and CBA)

44. DFS incorporates by reference its previous responses as though fully set forth herein.

45-54. The averments contained in paragraphs 45 through 54 of plaintiff's complaint set forth legal conclusions and, therefore, DFS denies the averments as stated. To the extent paragraphs 44 through 54 set forth factual averments, DFS lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, denies the averments.

### COUNT FOUR - DEFAMATION
### (Plaintiff v. Citibank, Capital One, Cross Country, DFS, Orchard and Providian)

55. DFS incorporates by reference its previous responses as though fully set forth herein.

56-64. The averments contained in paragraphs 56 through 64 of plaintiff's complaint set forth legal conclusions and, therefore, DFS denies the averments as stated. To the extent paragraphs 56 through 64 set forth factual averments, DFS denies the averments.

### COUNT FIVE- CPL
### (Plaintiff v. Experian and CBA)

65. DFS incorporates by reference its previous responses as though fully set forth herein.

66-69. The averments contained in paragraphs 66 through 69 of plaintiff's complaint set forth legal conclusions and, therefore, DFS denies the averments as stated. To the extent paragraphs 66 through 69 set forth factual averments, DFS lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, denies the averments.

## COUNT SIX - NEGLIGENCE
### (Plaintiff v. Experian and CBA)

70.     DFS incorporates by reference its previous responses as though fully set forth herein.

71-73.     The averments contained in paragraphs 71 through 73 of plaintiff's complaint set forth legal conclusions and, therefore, DFS denies the averments as stated.  To the extent paragraphs 71 through 73 set forth factual averments, DFS lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, denies the averments.

## COUNT SEVEN - NEGLIGENCE
### (Plaintiff v. Citibank, Capital One, Cross Country, DFS, Orchard and Providian)

74.     DFS incorporates by reference its previous responses as though fully set forth herein.

75-77.     The averments contained in paragraphs 75 through 77 of plaintiff's complaint set forth legal conclusions and, therefore, DFS denies the averments as stated.  To the extent paragraphs 75 through 77 set forth factual averments, DFS denies the averments.

## COUNT EIGHT – INVASION OF PRIVACY/FALSE LIGHT
### (Plaintiff v. Experian and CBA)

78.     DFS incorporates by reference its previous responses as though fully set forth herein.

79-81.     The averments contained in paragraphs 79 through 81 of plaintiff's complaint set forth legal conclusions and, therefore, DFS denies the averments as stated.  To the extent paragraphs 79 through 81 set forth factual averments, DFS lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, denies the averments.

## COUNT NINE – INVASION OF PRIVACY/FALSE LIGHT
### (Plaintiff v. Citibank, Capital One, Cross Country, DFS, Orchard and Providian)

82. DFS incorporates by reference its previous responses as though fully set forth herein.

83-85. The averments contained in paragraphs 83 through 85 of plaintiff's complaint set forth legal conclusions and, therefore, DFS denies the averments as stated. To the extent paragraphs 83 through 85 set forth factual averments, DFS denies the averments.

## JURY TRIAL DEMAND

86. DFS admits that plaintiff purports to demand a trial by jury. To the extent plaintiff asserts that he is entitled to a trial by jury, the assertion sets forth a legal conclusion and, therefore, DFS denies the averments as stated.

## AFFIRMATIVE DEFENSES

### First Defense

Plaintiff fails to state a claim upon which relief can be granted.

### Second Defense

DFS did not commit any wrongful, illegal or inappropriate acts.

### Third Defense

Plaintiff's claims are barred by the applicable statute of limitations.

### Fourth Defense

DFS is immune, in whole or in part, from plaintiff's claims.

### Fifth Defense

Any statements made by DFS were true at the time they were made.

### Sixth Defense

Any statements made by DFS were privileged at the time they were made.

### Seventh Defense

Plaintiff's claims are pre-empted, in whole or in part.

### Eighth Defense

Plaintiff did not suffer any damages as a result of the conduct of DFS.

### Ninth Defense

Plaintiff failed to mitigate his damages.

### Tenth Defense

To the extent plaintiff suffered damages, none being admitted, they were caused by third persons over which DFS exercised no control.

WHEREFORE, Dell Financial Services, L.P. demands judgment in its favor and against plaintiff, together with such other relief, including costs and attorneys' fees as the Court deems just and proper.

Respectfully submitted,

BALLARD SPAHR ANDREWS & INGERSOLL, LLP


By: _____
John K. Semler, Jr., Esquire
1735 Market Street, 51st Floor
Philadelphia, PA  19103-7599
215-864-8121
215-864-9283 (Fax)

Attorneys for Dell Financial Services, L.P.

Dated:  September 9, 2002

## CERTIFICATE OF SERVICE

       I, John K. Semler, Jr., Esquire hereby certify that I have caused a true and correct copy of Dell Financial Services L.P.'s Answer to Plaintiff's Complaint to be served this date, by first class mail, upon:

>Mark D. Mailman, Esquire
>Francis & Mailman, P.C.
>Land Title Building, 19th Floor
>Philadelphia, PA 19110

Dated:  September 9, 2002                    _____
                                                  John K. Semler, Jr.